SUCCESSORS OF PÉREZ BROTHERS, PLAINTIFFS AND APPELLEES, *v.* SUCCESSORS OF ABARCA, DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3146.—Decided April 29, 1924.

DRAFT—DAMAGES—INTEREST.—A complaint in which it is alleged that upon presentation to the defendants for payment of a draft drawn on them in favor of the plaintiffs the defendants appropriated the draft, but did not pay it or make objection to the payment and also refused to return it, for which reasons judgment for its amount with interest from the time it should have been paid is prayed for, sets up facts sufficient to sustain an action for damages arising not from the day on which the draft became due, but from the moment when the defendants appropriated it, and from the same moment interest accrued.

The facts are stated in the opinion.
*Mr. F. Soto Gras* for the appellants.
*Mr. A. Sarmiento* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case is as follows:

"By their attorney Antonio Sarmiento, Successors of Pérez Brothers, In Liquidation, bring a personal action against Successors of Abarca to recover a sum of money, and for cause of action allege:

"1.—That the plaintiff and the defendant are mercantile firms organized under the Code of Commerce in force in Porto Rico and domiciled in San Juan, and that they are not under any impediment to appear in court, to sue or to be sued.

"2.—That the complainant firm received a draft for $1,020 drawn by Selles Casas & Co. of San Lorenzo on the defendants to the order of the complainants and upon presentment to said defendants of said draft for payment on the first day of the current month of June they kept the draft without paying the same or making any objection to its payment and have charged the amount to the drawers.

"3.—That notwithstanding demand for the return of the bill or the payment of the amount, the defendants have refused to do either.

"Wherefore I pray the Court duly to render judgment against the defendants directing them to make payment of the $1,020 and lawful interest thereon from the date on which it should have been paid, together with costs, disbursements and plaintiffs' attorney fees in case they contest this action."

The defendant demurred, alleging the lack of a cause of action, and the court overruled the demurrer. The theory of the demurrer is that the complaint fails to show that the obligation is due. At the instance of the defendant, judgment was then rendered for the complainant, with interest from the first day of June.

The appellant maintains that Successors of Abarca accepted the bill and that thereupon they became responsible for the bill from the date when it became due, and not before. The appellant further argues that the complainant acknowledged that there was an existing instrument with a fixed date when in the final paragraph interest was sought from which payment should have been made. The last paragraph is not a model of clarity.

This is not a suit brought on a bill of exchange as such. The complainant does not recite the acceptance of the bill. This is assumed in the brief of the appellee and to a certain extent the assumption is a solemn admission against interest. Nevertheless, the defendant cannot control the construction to be given to the words of the complaint. What the complaint does say is that when the bill was presented for payment, Sucs. of Abarca charged the amount of the

same to the drawers, appropriated the bill, did not pay the same or make objection to the payment, and have refused to deliver the same. This may be construed as an acceptance, but in any event the complainant was deprived of its bill and has elected to sue on the consequent obligation for which the firm of Sucs. of Abarca is responsible. The suit may be considered as one in damages for the retention of the bill. The complainant may neither directly negotiate the bill, assuming that it has been accepted, nor may it proceed against the drawers. As against the said drawers there was a complete novation, Sucs. of Abarca being substituted for said drawers. Hence the principal obligation was demandable from the moment that Sucs. of Abarca appropriated the bill and the only doubtful question is the claim for interest.

The appellant would have us infer that the final clause of the complaint showed that the complainant firm was relying on the due date of the bill itself, but the clause does not mention the bill and it is susceptible of a much more liberal construction. When the bill was appropriated, and the defendants refused to deliver the same, they were responsible in damages immediately, and this amount of damages may be construed to be due from and after the date on which the appropriation was made, namely June 1, 1922. Section 1074 of the Civil Code provides:

"Sec. 1074. The losses and damages for which a debtor in good faith is liable, are those foreseen or which may have been foreseen, at the time of constituting the obligation, and which may be a necessary consequence of its nonfulfillment.

"In case of fraud, the debtor shall be liable for all those which clearly may originate from the nonfulfillment of the obligation."

Assuming the good faith of Sucs. of Abarca, interest should run on the principal sum from the time the defendant became responsible therefor, namely, June 1, 1922. Section 1075 of the Civil Code suggests legal interest when no interest is agreed upon, and legal interest is a just substi-

tute for the damages which ensue by reason of the failure to pay the principal obligation on demand.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.